IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03418-GPG

JEREMYAH WOODBRIGHT,

    Plaintiff,

v.

C.O. WILSON, Mesa County Jail,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

    Plaintiff, Jeremyah Woodbright, is a prisoner in the custody of the Colorado Department of Corrections facility and currently is incarcerated at the correctional facility in Sterling, Colorado. He has filed, *pro se*, a Prisoner Complaint asserting a deprivation of his rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Mr. Woodbright has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Woodbright is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Woodbright will be ordered to file an amended complaint.

    In the Complaint, Mr. Woodbright asserts three claims. First, he claims that Defendant Wilson violated his constitutional rights by exerting excessive force by

alleging that in April 2013, Defendant Wilson physically assaulted him.  (ECF No. 1 at 4.)  Second, Mr. Woodbright claims that Defendant Wilson engaged in "misconduct" by alleging that the assault was "unprofessional and irrational."  (*Id.* at 5.)  Finally, Mr. Woodbright states that he was not given medical attention after the altercation despite physical injury.  (*Id.* at 6.)  He seeks monetary and injunctive relief.

Mr. Woodbright's claim for "medical negligence" is deficient.  Negligent conduct does not violate the Constitution.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Only a deprivation of constitutional rights is actionable under § 1983.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  The Eighth Amendment is violated when a prison official acts with deliberate indifference to a substantial risk of serious harm to an inmate.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

The medical negligence also is deficient because Mr. Woodbright fails to allege facts to show how each named Defendant was personally involved in a deprivation of his constitutional rights.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such

'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that a supervisor can only be held liable for his own deliberate intentional acts).

Accordingly, it is

ORDERED that Plaintiff, Jeremyah Woodbright, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some or all of this action without further notice.

DATED December 22, 2014, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge