IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03418-GPG

JEREMYAH WOOLBRIGHT,

     Plaintiff,

v.

MESA COUNTY JAIL,
MESA COUNTY SHERIFF'S DEPT., and
C.O. WILSON,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, Jeremyah Woolbright, is a prisoner in the custody of the Colorado

Department of Corrections currently incarcerated at the correctional facility in Sterling,

Colorado.  He initiated this action by filing, *pro se*, a Prisoner Complaint pursuant to 28

U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights.

On December 22, 2014, Magistrate Judge Gordon P. Gallagher reviewed the

Complaint and determined that it was deficient because Mr. Woolbright failed to state a

cognizable claim under § 1983 and failed to allege the personal participation of each

Defendant in a deprivation of his constitutional rights.  The Court therefore ordered Mr.

Woolbright to file an amended complaint within thirty (30) days.  On January 6, 2015,

Mr. Woolbright filed an Amended Complaint adding one municipality Defendant.  (ECF

No. 6).

On January 15, 2015, Magistrate Judge Gallagher reviewed the Amended

Complaint and determined that it was deficient because Mr. Woolbright failed to allege

facts to show that a policy or custom of the municipality Defendant caused the alleged constitutional deprivation(s) and because Plaintiff's allegations of personal participation were inadequate.  Magistrate Judge Gallagher therefore directed the Plaintiff to file a second amended complaint within thirty (30) days of the January 15 Order.  Mr. Woolbright filed, on February 2, 2015, a Second Amended Complaint adding a second municipality Defendant.

Mr. Woolbright has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the Second Amended Complaint liberally because Mr. Woolbright is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed, in part.

Mr. Woolbright alleges in the Second Amended Complaint that in April 2013, Defendant Wilson violated his constitutional rights by using excessive force and causing physical injury (claim one) as well as engaging in misconduct (claim two).  Mr. Woolbright also alleges that he was denied adequate medical care (claim three) after

2

the April 2013 altercation.  He further alleges that Defendants Mesa County Jail and

Mesa County Sheriff's Department ("the municipality Defendants") are liable because

they failed to properly supervise and train Defendant Wilson.  He seeks monetary and

injunctive relief.

Mr. Woolbright cannot maintain a § 1983 claim against the municipality

Defendants.  Plaintiff was warned in the January 15 Order that to hold a municipality

liable under 42 U.S.C. § 1983, a plaintiff must show that an unconstitutional policy or

custom exists and that there is a direct causal link between the policy or custom and the

injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v.*

*Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).

Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees

inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658,

694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Mr.

Woolbright does not identify any custom, practice, or policy of the Mesa County Jail and

Mesa County Sheriff's Department or allege any facts to suggest a direct causal link

between any action of the local government entity and a constitutional violation. *See*

*Board of County Com'rs of Bryan County, Okl. v. Brown ,* 520 U.S. 397, 404 (1997);

*Hollingsworth v. Hill,* 110 F.3d 733, 742 (10th Cir. 1997).

Moreover, Mr. Woolbright seeks to hold the municipality Defendants liable under

the theory that they failed to properly supervise and train Defendant Wilson.  Plaintiff

implies that the municipality Defendants should have supervised Defendant Wilson

more closely because "Officer Wilson has been involved in a similar incident."

However, Mr. Woolbright does not provide any further factual allegations regarding the

alleged "repeat incident."  Nor has Mr. Woolbright adequately alleged deliberate

indifference.  *See, e.g., Riddle v. Mondragon,* 83 F.3d 1197, 1205 (10th Cir. 1996)

(general, conclusory allegations, without supporting factual averments, are insufficient

to state a claim for deliberate indifference in violation of the Eighth Amendment); *Levine*

*v. City of Alameda,* 525 F.3d 903, 907 (9th Cir. 2008) (municipal liability attaches only

when the entity's policy, practice, or custom "amounted to a deliberate indifference to

the constitutional right and was the moving force behind the constitutional violation")

(internal quotation marks omitted); *Reynolds v. Giuliani,* 506 F.3d 183, 192 (2d Cir.

2007)  (A municipality may be liable for the failure to supervise or discipline its

employees "only where the need to act is so obvious, and the inadequacy of the current

practices so likely to result in a deprivation of federal rights, that the municipality or

official can be found deliberately indifferent to the need.").  In sum, the claims against

the municipality Defendants consist of nothing more than conclusory allegations.  There

are no well-pled facts that demonstrate the existence of an established government

policy or custom that deprived Plaintiff of his constitutional rights, or no well-pled facts

that demonstrate specific deficiencies in the training or supervision that actually caused

the injuries alleged by Plaintiff.  *Cf. Kramer v. Wasatch County Sheriff's Office,* 743 F.3d

726, 759 (10th Cir. 2014) (rejecting plaintiff's § 1983 causation theory that predicated

liability on the defendants' inaction; to establish deliberate indifference, plaintiff must

establish that the need for more or different action was "so obvious, and the inadequacy

so likely to result in the violation of constitutional rights, that the policymakers of the city

can reasonably be said to have been deliberately indifferent to the need").  Accordingly,

Defendants Mesa County Jail and Mesa County Sheriff's Department are improper

parties to this action and will be dismissed.

Finally, Mr. Woolbright also makes conclusory allegations that he was denied proper medical treatment after the alleged physically altercation with Defendant Wilson. However, these allegations do not state an arguable constitutional claim against the remaining named Defendant and therefore claim three is dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Woolbirght's § 1983 claims against Defendant Wilson appear to be inappropriate for summary dismissal and that the case should be drawn to a presiding judge and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Defendants Mesa County Jail and Mesa County Sheriff's Department are DISMISSED from this action for Plaintiff's failure to allege their personal participation in the alleged constitutional deprivations. It is

FURTHER ORDERED that Plaintiff's claims against Defendant Wilson shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this  5th  day of    February        , 2015.

BY THE COURT:


      s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court