IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03418-CMA-MJW

JEREMYAH WOOLBRIGHT,

Plaintiff,

v.

C.O. WILSON,

Defendant.

---

## RECOMMENDATION OF DISMISSAL
## BASED ON PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO SERVE

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was referred to this court pursuant to an Order Referring Case issued by Judge Christine M. Arguello on February 6, 2015.  (Docket No. 15).

This action was commenced almost six months ago in December 2014 (Docket No. 1), an Amended Complaint (Docket No. 4) was filed on January 6, 2015, and a second Amended Complaint (Docket No. 10) was filed on February 2, 2015. Plaintiff alleges that defendant C.O. Wilson was "out of control" and restrained plaintiff by placing a knee in plaintiff's back and cuffing him excessively tight with metal cuffs.  Plaintiff claims this assault was "unproffesional [sic], irrashional [sic], and unwarranted."

On February 24, 2015, the U.S. Marshal filed a Process Receipt and Return (Docket No. 19) indicating that defendant Wilson could not be served because he no

longer works for the Mesa County Jail, which is the only address plaintiff provided for

defendant Wilson (see Am. Compl., Docket No. 6 at 2; second Am. Compl., Docket

No. 10 at 2).  Based upon the Marshal's filing, in a Minute Order entered on

February 25, 2015 (Docket No. 22), this court directed the plaintiff to forthwith provide

the court with a current address at which defendant Wilson can be served.  The

plaintiff was advised that if he failed to do so, he shall be prepared to show cause at

the Status Conference set on April 1, 2015, at 9:30 a.m., why this case should not be

dismissed.  At that Status Conference, plaintiff still did not have a current address at

which defendant can be served.  This court thus set another Status Conference and

a Show Cause Hearing for June 15, 2015, at 9:00 a.m. (see Docket No. 23,

Courtroom Minutes/Minute Order) and issued an Order to Show Cause (Docket No.

24).  Plaintiff was directed to show cause at that hearing why this case should not be

dismissed pursuant to Fed. R. Civ. P. 4(m) and/or D.C.COLO.LCivR 41.1 for failure

to serve the defendant and failure to prosecute.

On April 22, 2015, plaintiff filed an Order of Responce [sic] to Exhausted

Remedies (Docket No. 25) in which he states that he was not able to obtain

defendant Wilson's address, and he asked for the court's assistance is searching for

that address.  It is not the court's responsibility, however, to act as an investigator for

the plaintiff.  Furthermore, at the June 15, 2015, Show Cause Hearing, plaintiff was

once again unable to provide the court with the defendant's address.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

3

If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  In addition, Local Rule 41.1 provides:

A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order.  If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and/or D.C.COLO.LCivR 41.1 based upon the plaintiff's failure to serve the defendant and failure to prosecute.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections**

4

waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date: June 15, 2015
      Denver, Colorado

<u>s/ Michael J. Watanabe</u>
Michael J. Watanabe
United States Magistrate Judge